# EXHIBIT D

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
sghassemi@fenwick.com
JOHN-PAUL S. DEOL (CSB No. 284893)
jpdeol@fenwick.com
TIARA R. QUINTANA (CSB No. 315783)
tquintana@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Plaintiff
GLINT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLINT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PERCEPTYX, INC., a California corporation; MITCHELL ANDERSON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-02886-CRB<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION PERCEPTYX, INC. PURSUANT TO FEDERAL RULE 30(B)(6)** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

**To:   Defendant Perceptyx, Inc. and Mitchell Anderson and to their Attorneys of Record:**

**Please Take Notice That** pursuant to the Court's order granting Plaintiff Glint Inc.'s ("Glint") motion for expedited discovery and Federal Rules of Civil Procedure 26 and 30(b)(6), Glint, by and through its attorneys of record, will take the deposition upon oral examination of Defendant Perceptyx, Inc. ("Perceptyx") by and through the person(s) designated by Perceptyx to testify on its behalf regarding the topics set forth in **Exhibit A**.  The deposition will commence at 9:00 A.M. on June 4, 2018, at Fenwick & West LLP 801 California Street, Mountain View, CA, or at such other place as the parties may agree.  The deposition will be taken before a notary public or other officer authorized by law to administer oaths, and will be recorded by both stenographic and videographic means.  Provisions for real-time monitoring via LiveNote™ or similar facility may also be used.  Said deposition shall continue from day to day, weekends and holidays excepted, until completed or adjourned by the attorney taking the deposition.

Pursuant to Rule 30(b)(6), Perceptyx is required to designate one or more of its officers, directors, managing agents or other persons to testify on its behalf as to matters known or reasonably available to Perceptyx concerning the subjects identified in **Exhibit A** hereto.

Dated: _____, 2018        FENWICK & WEST LLP


By: _____
          Patrick E. Premo

Attorneys for Plaintiff
GLINT INC.

Fenwick & West LLP
Attorneys at Law

# EXHIBIT A

## DEFINITIONS

1.       The terms "**You**," "**Your**," "**Defendant**," or "**Perceptyx**" mean and include, collectively and/or individually, Perceptyx, Inc., and its parents, subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

2.       The term "**Anderson**" means and includes, collectively and/or individually, Mitchell Anderson, and/or all other **Persons** acting or purporting to act on his behalf.

3.       The terms "**Plaintiff**" or "**Glint**" mean and include, collectively and/or individually, Glint Inc., and its subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

4.       The terms "**Person**" or "**Persons**" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following:  corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5.       The terms "**Communication**" or "**Communications**" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, facsimile, or other media of any kind.  The terms "**Communication**" and "**Communications**" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

6.       The term "**Concerning**" means pertaining to, mentioning, commenting,

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

7.      The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

8.      The words "any," "all," and "each" shall be construed as "all and each."

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.     The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## 30(b)(6) DEPOSITION TOPICS

1.      Access, including attempted access, to **Glint**'s G-Suite or **Glint**-controlled servers, including but not limited to access by **Anderson** as well as identification and use of any information obtained from such access from February 2018 to present.

2.      Disclosing, publishing, reproducing, using or communicating any information or data received **Concerning Glint**, its products, customers or products identified or disclosed by **Anderson**, including **Your** access or use of **Glint** information for customers or prospective customers identified by or assigned to **Anderson**, including but not limited to customer lists, customer contact information, pricing, service offerings, product features, customer proposals, pricing tool or calculator, benchmarking, project plans, software architecture, SaaS agreement(s), screenshots of **Glint**'s product or services, **Glint**'s survey questions and related materials, videos of product demos, price quotes, any data from **Glint**'s Salesforce account, other product information, and any information returned by **You** to **Glint** in response to its demand letter dated May 11, 2018.

3.      **Perceptyx**'s competitive intelligence, market analysis, sales and marketing plans,

marketing budgets, and marketing expenditures and costs **Concerning** counter selling or competing against **Glint** from November 2017 to present.

4. **Communications** between **You** and **Anderson Concerning Glint** and **Glint**'s customers and prospective customers.

5. Facts **Concerning Your** solicitation, hiring, onboarding, and supervision of **Anderson**.

6. Identity and facts **Concerning** customers and prospective customers that **Anderson** has worked with and is working with since **You** extended him an offer of employment.

7. Actions, if any, taken to investigate and respond to **Glint**'s demand letter dated May 11, 2018, including steps, if any, undertaken to identify, sequester or return **Glint**'s Documents and/or information.