# EXHIBIT E

1   PATRICK E. PREMO (CSB No. 184915)
    ppremo@fenwick.com
2   SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
    sghassemi@fenwick.com
3   JOHN-PAUL S. DEOL (CSB No. 284893)
    jpdeol@fenwick.com
4   TIARA R. QUINTANA (CSB No. 315783)
    tquintana@fenwick.com
5   FENWICK & WEST LLP
    801 California Street
6   Mountain View, CA  94041
    Telephone:     650.988.8500
7   Facsimile:     650.938.5200

8   Attorneys for Plaintiff
    GLINT INC.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13   GLINT INC., a Delaware corporation,          CASE NO. 3:18-cv-02886-CRB

14              Plaintiff,                          **PLAINTIFF'S REQUESTS FOR PRODUCTION
                                                    OF DOCUMENTS AND THINGS TO
15        v.                                        DEFENDANT PERCEPTYX, INC.
                                                    (SET ONE)**
16   PERCEPTYX, INC., a California corporation;
     MITCHELL ANDERSON, an individual; and
17   DOES 1 through 10, inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S REQUESTS FOR PRODUCTION OF                    CASE NO. 3:18-cv-02886-CRB
DOCUMENTS (SET ONE) TO PERCEPTYX, INC.

Pursuant to the Court's order granting Glint Inc.'s ("Glint") motion for expedited discovery and Rules 26 and 34 of the Federal Rules of Civil Procedure, Glint requests that Defendant Perceptyx, Inc. ("Perceptyx") respond in writing to each of the following Requests and produce the documents and things requested for inspection and copying, in accordance with the definitions and instructions set forth below, at the offices of Fenwick & West LLP, 801 California Street, Mountain View, California 94041, within seven (7) calendar days of service.

**DEFINITIONS**

1.      The terms "**You**," "**Your**," "**Defendant**," or "**Perceptyx**" mean and include, collectively and/or individually, Perceptyx, Inc., and its parents, subsidiaries, affiliates, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

2.      The term "**Anderson**" means and includes, collectively and/or individually, Mitchell Anderson., and/or all other **Persons** acting or purporting to act on his behalf.

3.      The terms "**Plaintiff**" or "**Glint**" mean and include, collectively and/or individually, Glint Inc., and its subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

4.      The terms "**Person**" or "**Persons**" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following:  corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5.      The terms "**Document**" or "**Documents**" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.  The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in **Your** possession, custody, or control, to

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   which **You** have access or of which **You** have knowledge.  "**Document(s)**" shall also include, but

2   shall not be limited to, the following items, whether printed or recorded or reproduced by hand:

3   agreements, contracts, leases, communications (including intra-company communications),

4   electronic mail, data from Personal Digital Assistants (including handheld computers and "smart

5   phones,"), correspondence, postings on intranet or internet forums or websites (such as web pages

6   and web logs or blogs), faxes, memoranda, records, books, diaries, notebooks calendars (paper,

7   electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and

8   transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices,

9   purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other

10  records of meetings, conferences, negotiations, conversations, investigations and interviews, sales

11  brochures and literature, advertisements, price lists, trade letters, press releases, stenographic,

12  handwritten and any other notes, projections, working papers, checks (front and back), check

13  stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data

14  compilations, and voice and video recordings.  "**Document(s)**" shall not be limited in any way as

15  to the form of storage (such as paper,  magnetic tape, magnetic disk, CD-ROM, DVD, optical

16  disk, flash memory drive, or other storage device).  A draft or non-identical copy is a separate

17  document within the meaning of this term.

18        6.        The terms "**Communication**" or "**Communications**" refer to any exchange of

19  information by any means of transmission and the sending or receipt of information of any kind

20  by or through any means, including but not limited to speech, writings, documents, language

21  (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio

22  or video signals, telecommunications, telephone, teletype, facsimile,, photographic film of all

23  types or other media of any kind.  The terms "**Communication**" and "**Communications**" also

24  include, without limitation, all meetings, notices, requests, response, demands, complaints, press,

25  publicity or trade releases, and postings on intranet or internet forums or websites (such as web

26  pages and web logs or blogs).

27        7.        The term "**Concerning**" means pertaining to, mentioning, commenting,

28  describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

2 providing context to, evidencing, concerning, or recording a particular subject in whole or in part,

3 either directly or indirectly, or being in any way logically or factually connected with the matter

4 discussed or identified.

5         8.      The terms "or" and "and" shall be read in the conjunctive and in the disjunctive

6 wherever they appear, and neither of these words shall be interpreted to limit the scope of these

7 Requests.

8         9.      The words "any," "all," and "each" shall be construed as "all and each."

9        10.     The use of a verb in any tense shall be construed as the use of the verb in all other

10 tenses.

11        11.     The singular form of any word shall be deemed to include the plural.  The plural

12 form of any word shall be deemed to include the singular.

13                               **INSTRUCTIONS**

14         1.      In responding to the following requests, furnish all available **Documents**,

15 including documents in the possession, custody, or control of any of your attorneys, directors,

16 officers, agents, employees, representatives, associates, investigators or division affiliates,

17 partnerships, parents or subsidiaries, and persons under your control, not merely documents in

18 your direct possession.

19         2.      All **Documents** shall be organized and produced pursuant to Rule 34(b) of the

20 Federal Rules of Civil Procedure.

21         3.      Electronic records and computerized information must be produced in an

22 intelligible format, together with a description of the system from which they were derived

23 sufficient to permit rendering the records and information intelligible.  Electronic information

24 must be produced in native format.

25         4.      If **You** are unable to comply with a demand for any **Document** in full, **You** are

26 requested to specify, pursuant to Federal Rule of Civil Procedure 34, whether **Your** inability to

27 comply is because the **Document** has never existed, has been destroyed, has been lost, misplaced

28 or stolen, and/or has never been, or is no longer in **Your** possession, custody or control.  The

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  statement shall set forth the name and address of any **Person** or organization known or believed

2  by **You** to have possession, custody, or control of the **Document**.

3        5.      If any information requested is claimed to be privileged, immune from discovery

4  or otherwise not discoverable, **You** are requested to provide all information falling within the

5  scope of the document request which is discoverable, and for each item of information contained

6  in a document to which a claim of privilege is made, **You** must identify such document in a

7  privilege and/or redaction log pursuant to Federal Rule of Civil Procedure 26(b)(5), such

8  identification to include at least the following:

9        (1)     the basis on which the privilege is claimed;

10       (2)     the names and positions of the author of the document and all other persons

11               participating in the preparation of the document;

12       (3)     the name and position of each individual or other person to whom the

13               document, or a copy thereof, was sent or otherwise disclosed;

14       (4)     where not apparent, the relationship of the author, writer, sender, initiator,

15               addressee or any other recipient with each other;

16       (5)     the date of creation or transmittal indicated on each document, or an

17               estimate of that date, indicated as such, if no date appears on the document;

18       (6)     a description of any accompanying material transmitted with or attached to

19               such document;

20       (7)     the number of pages in such document;

21       (8)     the particular document request to which such document is responsive; and

22       (9)     the general subject matter and whether any business or non-legal matter is

23               contained or discussed in such document.

24       6.      Each Request for **Documents** seeks production of all **Documents** described along

25  with any attachments, drafts, and non-identical copies in any language whatsoever, in the

26  possession, custody or control of **You** or **Your** respective agents or all available information,

27  including such information as becomes available to **You** after **Your** answers hereto are served.

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1**:

**Communications Concerning Anderson** from November 1, 2017 to May 1, 2018.

**DOCUMENT REQUEST NO. 2**:

Copy of **Anderson**'s offer letter, confidentiality agreement, and personnel file **Concerning** his employment at **Perceptyx**.

**DOCUMENT REQUEST NO. 3**:

**Documents** exchanged with or otherwise **Concerning** customers and prospective customers identified by **Anderson** or in which he was otherwise involved from February 1, 2018 to present.

**DOCUMENT REQUEST NO. 4**:

Inspection of any laptop, hard drive and/or portable storage device issued by **You** to **Anderson**.

**DOCUMENT REQUEST NO. 5:**

**Documents** sufficient to show **Your** competitive intelligence, market analysis, sales and marketing plans, marketing budgets, and marketing expenditures and costs **Concerning** counterselling or competing against **Glint**.

**DOCUMENT REQUEST NO. 6**:

**Your** server logs showing information regarding access from any **Perceptyx** computer to **Glint**'s website, G-Suite, and Gmail, including but not limited to access from **Perceptyx**'s IP addresses 108.47.186.2 and 173.196.216.2 to **Glint's** IP address 52.52.214.110, from November 2017 to present.

**DOCUMENT REQUEST NO. 7**:

**Documents Concerning Glint** retained, accessed and/or disclosed by **Anderson** to **Perceptyx**, including but not limited to customer lists, customer contact information, pricing, service offerings, product features, customer proposals, pricing tool or calculator, benchmarking, project plans, software architecture, SaaS agreement(s), screenshots of **Glint**'s product or services, **Glint**'s survey questions and related materials, videos of product demos, price quotes,

1   any data from **Glint**'s Salesforce account, or other product information.

2

3   Dated: _____, 2018                    FENWICK & WEST LLP

4

5                                              By: _____
                                                    Patrick E. Premo
6
                                               Attorneys for Plaintiff
7                                              GLINT INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28