# EXHIBIT F

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
sghassemi@fenwick.com
JOHN-PAUL S. DEOL (CSB No. 284893)
jpdeol@fenwick.com
TIARA R. QUINTANA (CSB No. 315783)
tquintana@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Plaintiff
GLINT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLINT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PERCEPTYX, INC., a California corporation; MITCHELL ANDERSON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-02886-CRB<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PERCEPTYX, INC.** |

Pursuant to the Court's order granting Plaintiff Glint Inc.'s ("Glint") motion for expedited discovery and Rules 26 and 30 of the Federal Rules of Civil Procedure, Glint requests that Defendant Perceptyx, Inc. ("Perceptyx") respond in writing to each of the following Interrogatories within seven (7) calendar days after service, in accordance with the definitions and instructions set forth below.

## DEFINITIONS

1. The terms "**You**," "**Your**," "**Defendant**," or "**Perceptyx**" mean and include, collectively and/or individually, Perceptyx, Inc. and its parents, subsidiaries, affiliates, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

2. The term "**Anderson**" means and includes, collectively and/or individually, Mitchell Anderson, and/or all other **Persons** acting or purporting to act on his behalf.

3. The terms "**Plaintiff**" or "**Glint**" mean and include, collectively and/or individually, Glint Inc., and its subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other **Persons** acting or purporting to act on its behalf.

4. The terms "**Person**" or "**Persons**" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5. The terms "**Document**" or "**Documents**" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in **You**r possession, custody, or control, to which **You** have access or of which **You** have knowledge. "**Document(s)**" shall also include, but

shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including handheld computers and "smart phones"), correspondence, postings on intranet or internet forums or websites (such as web pages and web logs or blogs), faxes, memoranda, records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "**Document(s)**" shall not be limited in any way as to the form of storage (such as paper, CD-ROM, DVD, optical disk, flash memory drive, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

6. The terms "**Communication**" or "**Communications**" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram, photographic film of all types or other media of any kind. The terms "**Communication**" and "**Communications**" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

7. The term "**Concerning**" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

8. The term "**Identify**" means:

    a. when referring to a natural person, the person's complete true name; nicknames and pseudonyms; job title and employer; present or last known residential or business address, telephone numbers, and e-mail addresses; and the person's relationship to the **Defendant**.

    b. when referring to a business, legal, or governmental entity or association, the name and city of the main office;

    c. when referring to a product or thing, the title, version or release number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

    d. when referring to documents, the production number or type of document, its general nature and subject matter, date of creation, all author(s), addressee(s), and recipient(s), location, and URLs in the case of webpages.

9. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

10. The words "any," "all," and "each" shall be construed as "all and each."

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. In answering the following interrogatories, furnish all available information, including information in the possession, custody, or control of any of **Your** attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates,

partnerships, parents or subsidiaries, and **Persons** under **Your** control, who have the best knowledge, not merely information of which **You** have personal knowledge.

2. If **You** cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, please so state and answer each such interrogatory to the fullest extent **You** deem possible, specify the portion of each interrogatory that **You** claim to be unable to answer fully and completely, state the facts upon which **You** rely to support **Your** contention that **You** are unable to answer the interrogatory fully and completely, and state what knowledge, information or belief **You** have concerning the unanswered portion of each such interrogatory.

3. If, in answering these interrogatories, **You** claim there is any ambiguity in either a particular interrogatory or a definition or an instruction, such claim is not a basis for refusing to respond, but rather **You** must state as part of **Your** response the language deemed to be ambiguous and the interpretation **You** chose or used in responding to the particular interrogatory.

4. If you are producing **Documents** in connection with these interrogatories, selection of **Documents** from the files and other sources and the numbering of such **Documents** must ensure that the source of each **Document** may be determined, if necessary. **Documents** attached to each other shall not be separated. All **Documents** shall be organized and produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they originated sufficient to permit rendering the records and information intelligible. SOURCE CODE must be produced in native format, capable of being compiled and executed. Other electronic information must, if not produced in native format, be produced in an electronically searchable format. To the extent **You** do not produce in native format, **Glint** reserves the right to request native format production as to particular documents as to which such format is necessary.

5. Should **You** seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any communication or meeting, please provide all non-privileged information falling within the scope of the

interrogatory. For each item of information contained in a **Document** to which a claim of privilege is made, identify such **Document** with sufficient particularity, pursuant to Federal Rule of Civil Procedure 26(b)(5), for purposes of a motion to compel, such identification to provide at least the following:

  a. the privilege asserted and its factual basis;

  b. the names and positions of the author of the **Document** and all other **Persons** participating in the preparation of the **Document**;

  c. the name and position of each individual or other **Person** to whom the **Document**, or a copy, was sent or otherwise disclosed;

  d. where not apparent, the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

  e. the date of creation or transmittal indicated on each **Document**, or an estimate of that date, indicated as such, if no date appears on the document;

  f. a description of any accompanying material transmitted with or attached to such **Document**;

  g. the number of pages in such **Document**;

  h. the particular Interrogatory to which such **Document** is responsive; and

  i. the general subject matter and whether any business or non-legal matter is contained or discussed in such **Document**.

6. For each **Communication** or meeting claimed to be privileged,

  a. state the privilege asserted and its factual basis;

  b. identify all **Persons** and/or individuals involved in the **Communication** or present for all or any portion of the meeting;

  c. state the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

  d. state the date and place of the **Communication** or meeting;

  e. identify all **Documents Concerning** the **Communication** or meeting, state whether each such **Document** predates, postdates or is contemporaneous

FENWICK & WEST LLP
ATTORNEYS AT LAW

with the communication or meeting, and identify all recipients of each such **Document**.

7. If a **Document** once existed and has subsequently been lost, destroyed, or is otherwise missing, please **Document** the **Document** and state the details concerning the loss of such **Document**.

8. To the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, **Your** obligation to respond to these interrogatories is continuing, with responses to be supplemented to include subsequently acquired information.

9. If **You** object to any portion or aspect of any Interrogatory, provide all information responsive to the portion to which **You** do not object.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe all facts (including dates of disclosure, access and/or use, and persons receiving, accessing or using) **Concerning** the collection, use, reproduction and/or dissemination of any information or **Document** that **You** and/or **Anderson** obtained from **Glint** from February 2018 to present.

**INTERROGATORY NO. 2**:

**Identify** all customers and prospective customers that **Anderson** has identified, communicated with, worked with or otherwise been assigned to since **You** extended him an offer of employment on or about March 20, 2018, including but not limited to the first date of contact, and names, titles, company affiliations, addresses, and contact information.

**INTERROGATORY NO. 3**:

**Identify** all facts (including dates of disclosure, access and/or use, and persons receiving, accessing or using) **Concerning Your** access or use of **Glint** information for customers or prospective customers identified by or assigned to **Anderson**, including but not limited to customer lists, customer contact information, pricing, service offerings, product features, customer proposals, pricing tool or calculator, benchmarking, project plans, software architecture, SaaS agreement(s), screenshots of **Glint**'s product or services, **Glint**'s survey questions and

related materials, videos of product demos, price quotes, any data from **Glint**'s Salesforce account, or other product information.

**INTERROGATORY NO. 4**:

Describe all steps **You** have taken to investigate and respond to **Glint**'s demand letter dated May 11, 2018, including steps, if any, undertaken to identify, sequester or return **Glint**'s **Documents** or information.

**INTERROGATORY NO. 5**:

**Identify** all facts **Concerning** any attempt by **Perceptyx**, including but not limited to **Anderson**, to access **Glint**'s G-Suite from Temecula and Los Angeles on April 30, 2018 and again from Los Angeles on May 1, 2018.

**INTERROGATORY NO. 6**:

**Identify** all facts **Concerning Your** identification, interviewing, hiring and supervising of **Anderson** at **Perceptyx**.

**INTERROGATORY NO. 7**:

**Identify** all information that **Anderson** provided **You** (including dates of disclosure, access or use, and persons receiving, accessing or using) **Concerning Glint**, its products, services, customers or prospective customers, including but not limited to customer lists, customer contact information, pricing, service offerings, product features, customer proposals, pricing tool or calculator, benchmarking, project plans, software architecture, SaaS agreement(s), screenshots of **Glint**'s product or services, **Glint**'s survey questions and related materials, videos of product demos, price quotes, any data from **Glint**'s Salesforce account, or other product information since March 1, 2018.

Dated: _____, 2018        FENWICK & WEST LLP

By: _____
         Patrick E. Premo

Attorneys for Plaintiff
GLINT INC.