1  PATRICK E. PREMO (CSB No. 184915)
   ppremo@fenwick.com
2  SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
   sghassemi@fenwick.com
3  JOHN-PAUL S. DEOL (CSB No. 284893)
   jpdeol@fenwick.com
4  TIARA R. QUINTANA (CSB No. 315783)
   tquintana@fenwick.com
5  FENWICK & WEST LLP
   801 California Street
6  Mountain View, CA 94041
   Telephone:    650.988.8500
7  Facsimile:    650.938.5200

8  Attorneys for Plaintiff
   GLINT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLINT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PERCEPTYX, INC., a California corporation; MITCHELL ANDERSON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-02886-CRB<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND ORDER GRANTING EXPEDITED DISCOVERY** |

On May ___, 2018 the Ex Parte Motion for Temporary Restraining Order and Expedited Discovery of Plaintiff Glint Inc. ("Plaintiff" or "Glint") against Defendants Perceptyx, Inc., Mitchell Anderson, and DOES 1 through 10 (collectively, "Defendants") was heard before this Court.

Based on the Complaint, Memoranda, Declarations, Supporting Exhibits and other material submitted by the parties, and the arguments of counsel at the hearing,

**THE COURT FINDS THAT**:

(1) Plaintiff is likely to succeed on the merits of its claims against Defendants for Violation of the Federal Defend Trade Secrets Act, Violation of the California Uniform Trade Secrets Act, Breach of Written Contract, and Breach of the Duty of Loyalty;

(2) There is a high probability that Plaintiff has and will be irreparably injured as a result of Defendants' continued retention and access to Plaintiff's trade secrets and confidential information; and

(3) The balance of hardships tips decidedly in Plaintiff's favor as Defendants will not suffer injury as a result of entry of the requested relief, and will not be deprived of any rights by entry of this Order.

**PENDING HEARING** on the below Order to Show Cause, **THE COURT ISSUES THE FOLLOWING ORDER**:

(1) Defendants Mitchell Anderson ("Anderson") and Perceptyx, Inc. ("Perceptyx"), and each of them, and their officers, agents, employees, representatives, associates, related corporate entities, owners, and operators, and all persons acting for, on behalf of, or in concert or cooperation with any of them, who receive actual notice of this Temporary Restraining Order ("the **Enjoined Parties**"), are hereby enjoined and restrained from accessing, connecting to, downloading, transmitting, disclosing, or using any of Plaintiff's trade secrets and confidential information, including, but not limited to, Plaintiff's survey questions, confidential bids, sales playbooks, tailored sales presentations, benchmarking data, and any other Glint data or documents (hereinafter collectively referenced in Glint's moving papers and referred to as "**Glint's Trade Secrets**").

(2)   Defendant Anderson is required to fully comply with his Glint Employee Invention Assignment and Confidentiality Agreement, which requires him, among other obligations, to hold Glint's confidential information in strict confidence and trust, precludes him from disclosing either directly or indirectly to others unless first authorized by Glint, and obligates him to return upon termination of employment of all "Proprietary Information."

(3)   The Enjoined Parties are compelled to immediately sequester and promptly image a true and correct bit for bit copy of the data storage media for any company-issued or personal computer or any storage device of Anderson from November 1, 2017 to the present reasonably known to them upon a good faith and diligent search belonging to or in their possession in connection with his employment with Glint and Perceptyx, that received, transmitted, collected or stored **Glint Trade Secrets**. The imaged copies of Defendants' computers and storage devices shall remain in a secure location within the possession, custody and control of Glint's forensic expert. Plaintiff may seek the production of all or parts of the imaged computers and storage devices through discovery and copies of the imaged computers and storage devices shall be available for discovery for this purpose.

(4)   The Enjoined Parties are required to take all necessary steps to preserve all other documents, data, tangible things, and other discoverable materials that are known or reasonably likely to exist and are related to the issues presented by this action, including but not limited to any current and/or archived electronic logs, meta data, and directories (such as firewall logs, server logs, VPN and FTP logs, e-mail boxes, repositories or archives) that reflect any transmissions between or among Anderson and Perceptyx. The Enjoined Parties are further required to suspend any and all document retention or destruction policies or practices with regard to any discoverable information (electronic, documentary, or otherwise) relating to documents and records in any media (paper, hard drives, caches, CD-ROMs, diskettes, or any other media), software, videos, apparatus, equipment and other physical property that Anderson took or retained following Anderson's termination.

(5)   Defendants are required to deliver to Glint within ten (10) business days of entry of this Order a copy of all Glint's documents and records (electronically stored or hard copies),

software, videos, apparatuses, equipment and other physical property known or reasonably known to them upon a good faith and diligent search that was taken or retained by Anderson following Anderson's termination.

(6) Defendants are required to identify under oath through verification within ten (10) business days of the date of entry of this Order, the names and job titles of all Perceptyx employees, consultants or agents known or reasonably known to them upon a good faith and diligent search who accessed or otherwise used **Glint Trade Secrets**, and identify the names, job titles, addresses, telephone numbers and e-mail addresses of any other non-Perceptyx-affiliated persons that were sent or used **Glint Trade Secrets** from the Enjoined Parties.

**IT IS FURTHER ORDERED THAT**

(1) Plaintiff Glint's Motion for Expedited Discovery is **GRANTED**, and Defendants Mitchell Anderson and Perceptyx shall serve complete, verified responses and responsive non-privileged documents by June 4, 2018, in response to Glint's limited written discovery requests, attached as Exhibits A-B, E-F to the accompanying declaration of John-Paul S. Deol;

(2) Defendants shall submit to depositions between June 1 and June 11, 2018. Plaintiff will submit to depositions during the week of June 18, 2018. Plaintiff is entitled to one 30(b)(6) deposition, as well as one additional individual deposition during this initial phase of expedited discovery.

(3) The parties reserve the right to assert reasonable, legitimate objections to discovery in this matter.

(4) The depositions approved herein shall not preclude further depositions or any other discovery.

(5) All dates set forth in this Order and the Order itself may be amended for good cause.

**DEFENDANTS ARE HEREBY ORDERED TO SHOW CAUSE** on May ___, 2018, at _____, or as soon thereafter as counsel may be heard, in Courtroom 6, 17th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, why a preliminary injunction should not issue to:

(1) Enjoin and restrain the Enjoined Parties from accessing, connecting to, downloading, transmitting, disclosing, or using any of the **Glint Trade Secrets** and any of the confidential information.

(2) Compel Defendant Anderson to provide under penalty of perjury a full accounting of the identity of all Glint's documents and records (electronically stored or hard copies), software, videos, apparatuses, equipment and other physical property, including but not limited to any other **Glint Trade Secrets**, confidential, and/or proprietary information that was taken or retained by Anderson following Anderson's termination from Glint.

(3) Compel Defendants to identify under oath through verification within ten (10) business days of the date of entry of this Order, the names and job titles of all Perceptyx employees, consultants or agents known or reasonably known to them upon a good faith and diligent search who accessed or otherwise used Glint **Trade Secrets**, and identify the names, job titles, addresses, telephone numbers and e-mail addresses of any other non-Perceptyx-affiliated persons that were sent or used **Glint Trade Secrets** from the Enjoined Parties.

(4) Enjoin and restrain Defendant Anderson from pursuing, communicating with, performing work for, or otherwise interacting with the entities identified in **Exhibit G** attached to the Declaration of David Haskell, while acting on behalf of Perceptyx for a period of two (2) years from the date of this Order.

Plaintiff shall not be required to post a bond for issuance of this Order.

Plaintiff's Motion for Preliminary Injunction shall be filed and served (personally or electronically) by June 18, 2018. Defendants may file and serve (personally or electronically) opposition papers to Plaintiff's Motion by no later than 5:00 P.M. on June 25, 2018. Plaintiff may file and serve (personally or electronically) any reply papers by no later than 5:00 P.M. on July 2, 2018.

**IT IS SO ORDERED**.

Dated: _____, 2018

_____
The Honorable Charles R. Breyer
United States District Judge